UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs                                                            Case No: 09-20233
                                                                 Honorable Victoria A. Roberts

BRIAN E. SOBCZYNSKI,

    Defendant
_____/

**<u>ORDER GRANTING PLAINTIFF'S MOTION FOR RESTITUTION (DOC. 23)</u>**

**I.    INTRODUCTION**

The Government filed a motion for restitution against Defendant Brian Sobczynski. The issue is whether Plaintiff's request for restitution is time barred since the Government submitted the request after sentencing and the 30-day period set by the Court.

The Court concludes the request is not time barred and **GRANTS** Plaintiff's motion.

**II.    BACKGROUND AND PROCEDURAL HISTORY**

Sobczynski was charged with Wire Fraud in violation of 18 U.S.C. § 1343. The Information alleged that from June 2003 to September 2005, Sobczynski, along with six others, engaged in a scheme to create fraudulent mortgages. The principal perpetrator, Jonathone Johnson, purchased foreclosed homes and inflated their values to sell them for large profits.

On June 26, 2009, Sobczynski pled guilty under a Rule 11 Plea Agreement to the charge. The Rule 11 makes clear that Sobczynski was legitimately employed as a loan officer, and abused his position to create fraudulent loan packages for 41 of these properties in order to perpetuate the scheme. As a result of his participation, Sobczynski received direct payments from the scheme's leader, and compensation from his employment.

Under the Rule 11, Sobczynski would serve between 51-63 months in prison, pay a special assessment of $100, and pay up to $4,252,593 in restitution. On March 30, 2012 Sobczynski was sentenced to 24 months in prison and ordered to pay $90,100 in restitution. During the sentencing hearing on that same day for related defendant Jonathone Johnson, the Court stated that it would hold the issue of restitution open to allow victims to ascertain their losses. Consequently, the Court ordered that Sobczynski's restitution order be later amended to reflect that the issue was open for 30 days. On April 12, 2012 Judgment entered.

On May 11, 2012, a victim of the mortgage scheme, the FDIC, submitted a request for restitution in the amount of $678,000. The letter contained information regarding its losses from Sobczynski's fraud. On May 21, 2012 the Government filed a motion requesting the additional $678,000 in restitution. The request was made about two weeks after the 30-day deadline. However, the FDIC did submit a similar letter asking for the same amount of restitution against the related defendant Jonathone Johnson on April 27, 2012. The Government contends that since the FDIC submitted its letter in a timely fashion regarding co-defendant Johnson, the letter submitted against Sobczynski was timely as well. Sobczynski disagrees; he says the Judgment entered on

May 11, 2012 states that the restitution amount is final, and it would be fundamentally unfair to reopen the issue after judgment has entered. Moreover, he says the request was untimely and should be barred because the victims had three years from his guilty plea on June 26, 2009 until the date he was sentenced on March 30, 2012, to calculate losses and submit a restitution request.

III.     The Mandatory Victim Restitution Act - 18 U.S.C. § 3663 and § 3664

18 U.S.C. § 3663, also known as the Mandatory Victims Restitution Act (MVRA), is a statute that gives restitution to victims of certain federal crimes. 18 U.S.C. § 3664 sets forth the procedures to implement restitution under § 3663. Section 3664(f)(1)(a) states "[i]n each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant." Thus, a plain language reading of the statute indicates that the purpose of the statute is to grant full restitution to the victims. This notion has been reinforced by the Ninth Circuit, which noted in *United States v Gordon*, 393 F.3d 1044, 1048 (9th Cir. 2004), that "the primary and overarching goal of the MVRA is to make victims of crime whole." In achieving this objective, Congress intended district courts to engage in an expedient and reasonable restitution process, with uncertainties resolved with a view toward achieving fairness to the victim."

IV.     ANALYSIS

Despite the fact that the Government filed its motion for restitution after sentencing and the 30-day deadline set by the Court, it is important to note that the Court's deadline was much shorter than the statutory deadline. 18 U.S.C. §3664(d)(5) requires a court to "set a day for the final determination of the victim's losses, not to

3

exceed 90 days after sentencing." Even exceeding the 90-day deadline does not deprive the Court of jurisdiction to fulfill its mandatory duty to impose restitution. The Supreme Court held that the time limit in the statute is considered to be a procedural requirement, and violating this procedural requirement does not prevent the Court from exercising jurisdiction. *Dolan v. United States*, 130 S.Ct. 2533, 2539 (2010).

Sobczynski suggests two main arguments why the Government's motion should be denied. First, he says it would be unfair to order restitution after the sentencing date. Second, he says his Judgment was final and should not and cannot be altered. But, these arguments do not comport with the law of the Supreme Court or other circuit courts for four reasons. First, the plain language of the statute allows courts to order restitution after sentencing. Second, the main goal of the MVRA is to grant full restitution to victims; therefore, the procedural time constraints should be applied in a manner which furthers that objective. Third, public policy favors that restitution orders such as these not be time barred despite "missed deadlines." Finally, Sobczynski's Judgment was not final because the Court left the issue of restitution open.

**A. The MVRA allows courts to order or alter restitution orders after sentencing and the expiration of procedural deadlines**.

From the plain language of the statute, it is clear that the Government can request restitution after sentencing, and a court can amend restitution orders post sentencing.

**1. A plain language reading of the statute allows courts to submit restitution orders after sentencing.**

Sobczynski argues that it would be unfair to reopen the Judgment to amend the

4

restitution amount because pursuant to the Rule 11 Plea Agreement, the full amount of restitution would be identified prior to sentencing. Sobczynski also argues that the United States failed in the nearly three years prior to sentencing to submit a request for restitution, and should thus forfeit it. Sobczynski's arguments run contrary to the statute.

Section 3664 allows victims various opportunities to submit requests for restitution. The statute requires that the government or probation officer provide to the court no later than 60 days prior to a defendant's sentencing date, the amount subject to restitution. § 3664(d)(1). However, if the victim's losses cannot be ascertained by at least ten days before sentencing, the government or probation officer must inform the court, and a date up to 90 days after sentencing shall be set for a final determination of the victim's losses. § 3664(d)(5). In addition, a victim who discovers subsequent losses has 60 days from discovery to seek restitution. § 3664(d)(5). As one can see, there are various points in the proceedings that a victim can demand restitution.

Sobczynski's contention ignores the main goal of the MVRA and §3664(d)(1) and § 3664(d)(5), which allow for victims and the court to demand restitution after sentencing. The fact that a demand for restitution has been made after sentencing, despite prior requests for a definite figure of losses, has no bearing upon whether restitution can be demanded and ordered later. Moreover, a plea agreement cannot contravene what the law mandates. Therefore, that provision in Sobcznski's plea agreement must be considered void.

2. **Orders for restitution are not time barred if they are submitted after the deadlines set forth in the statute, because the deadlines are procedural, not jurisdictional.**

The Supreme Court and various circuit courts conclude that courts can order or

amend restitution after the expiration of deadlines because the time constraints are procedural, not jurisdictional. In *Dolan v. United States*, supra, the Supreme Court noted that the 90-day deadline set by the statute is a procedural deadline. Even if a court misses the deadline, it still has the authority to amend or order restitution. *Dolan*, 130 S.Ct. at 2537. See also, *United States v. Vandeburg*, 201 F.3d 805, 814 (6th Cir. 2000) ("Section 3664(d)(5) is not a jurisdictional statute… The MVRA permits amendments to restitution orders to reflect changed circumstances, and neither confers nor terminates a court's jurisdiction."); *United States v. Dando* 287 F.3d 1007, 1010 (10th Cir. 2010) holding (The district court's failure to follow statutory procedural requirements will not deprive the court of jurisdiction if the actions taken provided the functional equivalent of the statutory procedures.)

In determining that the deadlines listed in § 3664 are procedural, the Supreme Court looked to the substantive purpose behind the statute - ensuring prompt restitution to crime victims. *Dolan*, 130 S.Ct. at 2539. The Supreme Court reasoned that the procedural provisions mainly serve to aid the objective of quickly gaining restitution for victims, and not to benefit the perpetrators:

> [A] court might award restitution for those losses long after the original sentence was imposed and the 90-day time limit has expired. That fact, along with the Act's main substantive objectives, is why we say that the Act's efforts to secure speedy determination of restitution is primarily designed to help victims of crime secure prompt restitution rather than to provide defendants with certainty as to the amount of their liability. *Id.* at 2540

Thus, when determining the consequences of a missed deadline, a court must keep in mind that the main goal of the § 3664 procedural deadlines is not to benefit the defendant, but to aid in gaining swift restitution for victims.

6

Moreover, the Supreme Court in *Dolan* noted if the statute was read as a jurisdictional one, an absurdity would result within §3664(d)(5). In *Dolan*, the Court noted that a jurisdictional reading would result in:

> permitting a sentencing judge to order restitution for a victim who 'subsequently discovers further losses' a month, a year, or 10 years after entry of original judgment, while at the same time depriving that judge of the power to award restitution to a victim whose 'losses are not ascertainable' within 90 days. Compare § 36664(d)(5) (first sentence) with § 3664(d)(5) (second sentence).

*Dolan*, 130 S.Ct. at 2544. To hold that a missed deadline strips a court of jurisdiction to order restitution would render parts of the statute void. The Supreme Court in *Dolan* liberally interpreted the deadlines in § 3664, holding the restitutionary goals of the statute to be paramount.

In applying the example illustrated in *Dolan* to this case, victim Bank of America - which identified its loses prior to sentencing - would be allowed to request more restitution up to 60 days after the subsequent discovery of more losses; however, the Court would be barred from ordering restitution to victims whose losses were not ascertainable within the 30 day deadline set by the Court. See *Dolan*, 130 S.Ct. at 2544.

To ensure a congruent application of the statute and sustain the goals of § 3664, the procedural deadlines must be flexible enough to allow courts to order restitution.

**B.     Public policy favors entry of restitution orders after the expiration of deadlines to prevent harm to victims and to achieve the objectives of § 3664.**

If restitution orders could not be entered after the expiration of the procedural deadline, great harm would result to victims seeking compensation. Since the main objective of the MVRA is to fully compensate victims for injuries caused by criminal

7

defendants, this goal cannot be reached with a rigid reading of the procedural requirements set forth in § 3664. The Supreme Court highlighted the potential harm posed to victims if restitution orders were not entered because they were submitted late. In *Dolan*, the Court stated,

> [t]he potential for such harm - to third parties - normally provides a strong indication that Congress did not intend a missed deadline to work a forfeiture, here depriving a court of the power to award restitution…. Missing a deadline does not remove the power to exercise a duty where there is no 'language denying performance after a specified time,' and especially 'where a mandatory construction might do great injury to persons not at fault.

*Dolan*, 130 S.Ct. at 2540. To hold otherwise would in fact harm the victims in this case and go against the purpose of the statute.

Sobczynski admitted to engaging in a fraudulent scheme that was worth approximately $ 4,252,593.00; however, the current restitution amount is only $90,100. If this Court denied the Government's motion seeking more, it would prevent the FDIC from obtaining full restitution, in violation of § 3664(f)(1)(a).

Moreover, the victim in this case may have had good cause for submitting its requests after Sobczynski's sentencing and the 30-day deadline. During the sentencing of Jonathone Johnson, counsel for the government stated, "I understand the Court's position that these banks had ample opportunity to submit their loss figures, however, I would just ask the Court to consider the fact that they're dealing with hundreds of cases like this, where they have to submit loss information where they weren't the original lender and it takes some time to do that." (Doc. 187 at 31). It would be unjust to punish victims of this fraudulent scheme who are struggling to achieve just compensation. In fact, some of the financial institutions which were victims are no longer in business.

Those institutions were taken over by the FDIC, an organization that years later has to wade through the mess that Sobczynski and his cohorts created. Thus, both the statute and the intention of Congress will be served if this Court grants the Government's motion.

**C.     Courts can amend restitution orders after sentencing if the issue was left open by the court.**

The Tenth Circuit held that a court can order restitution after sentencing, and after the procedural deadline of 90-days expired, even when a court fails to specify that it is leaving the matter open. In *United States v. Dando*, 287 F.3d 1007, 1010 (10th Cir. 2002), a district court failed to abide by the procedural deadline in the statute, and it failed to specify to the defendant that it was ordering restitution. *Id*. at 2010. The court reasoned that the defendant could expect the judgment to be final if the sentencing judge left the issue of restitution open at sentencing. *Id*.

> The court should have clarified at sentencing and in the judgment order that it was holding the matter of restitution open. The court also should have set a date at sentencing for determining the restitution amount…Defendant, however,… signed a plea agreement in which he acknowledged restitution was mandatory. Although the district court did not specifically announce its intent to order restitution, and did not establish a date to finalize the restitution amount, the sentence hearing transcript clearly indicates the court recognized restitution was mandatory and considered the matter open. Because Defendant was aware restitution was mandatory and aware the matter was left open at sentencing, Defendant could not have any expectation of finality in the judgment entered. *Id*.

When a court modifies a restitution amount it is not altering a final sentence or disturbing a final judgment, even when the court was ambiguous concerning restitution. Courts have determined that altering restitution amounts is the equivalent to resolving a remaining issue. See, *Dolan*, 130 S.Ct. at 2544 ("the statute … provides adequate

9

authority to do what the sentencing judge did here - essentially fill in an amount - related blank in a judgment that made clear restitution was 'applicable.'… Since the sentencing judge's later order did not 'correct' an 'error' in the sentence, Rule 35 does not apply.") If the court leaves the issue of restitution open, then the defendant is considered to be aware that the judgment is not final.

In addition, the Second Circuit in *United States v. Stevens*, 211 F.3d 1 (2nd Cir. 2000) examined the legislative history of § 3664, and noted that "the 90-day limit on the entry of a restitution order is more consistent with Congress's concerns about preventing the dissipation of a defendant's assets, than with protecting a defendant from a drawn-out sentencing process." *Stevens*, 211 F.3d at 5, n. 2 (quoting) S. Rep. No. 104-179, at 20 (1995). Thus, the purpose of any time constraints imposed by § 3664 is not necessarily to establish finality in a sentence, but to ensure that a crime victim receives the just compensation that is due.

Sobczynski contends that the United State's motion is a motion to amend a final judgment; however, the United States brought this motion pursuant to § 3663, and the procedures identified under § 3664 govern how the Court is to proceed with such a motion. The Government's motion is neither a notice to appeal, nor a motion to amend a final judgment. At Sobczynski's sentencing, the Court ordered restitution in the amount of $90,100, and stated that it would not amend the figure because the victims had failed to submit their losses to the probation officer despite repeated requests to do so. However, the Court was under the mistaken belief that holding open the restitution order was discretionary. At the sentencing of co-defendant Jonathone Johnson, which occurred less than an hour after Sobczynski's sentencing, the Government informed the

10

Court that under § 3664(d)(5) "the court shall set a date for final determination of the victim's losses not to exceed 90 days after sentencing." (Doc. 187 at 31) As soon as the Court was made aware of the mandatory nature of § 3664(d)(5), the Court ordered that the issue of restitution remain open for 30 days in the case of Jonathone Johnson, and that Sobczynski's restitution order be amended to reflect the correction. (Doc. 187 at 32). Since the Court held open the issue of restitution for 30 days, Sobczynski could not have expected that the Judgment entered April 12, 2012 was final; the fact that it appeared final to Sobczynski has no bearing upon whether the restitution amount can be amended.

Also, Sobczynski received the equivalent of notice and was thus aware that restitution could be increased after sentencing. Sobczynski signed a Rule 11 Plea Agreement, which stated, "the total amount of restitution will not exceed $4,252,593.00." (Doc. 9 at 5). During sentencing, counsel for Sobczynski acknowledged that Sobczynski, agreed to a potentially higher amount of restitution under the terms of the Rule 11 Plea Agreement. Consequently, Sobczynski was aware that restitution was mandatory and he was put on notice that he was responsible for up to $4,252,593.00.

**D.    Upon review, circuit courts have ruled that entry of a restitution order that violates § 3664 procedural requirements constitutes harmless error absent a showing of actual prejudice to the defendant.**

Numerous circuit courts have concluded that failure to comply with the procedural requirements of § 3664 constitutes harmless error in the absence of actual prejudice to the defendant. For instance, in *United States v. Zakhary*, 357 F.3d 186 (2nd Cir. 2004), the defendant claimed that §3664(d)(5) required victim's losses to be identified before sentencing or at least within 90 days of sentencing, and since the

district court failed to do so, the order for more restitution is barred by the statute. *Id.* at 191. The Second Circuit held that missing the 90-day deadline was harmless error. *Id.* The court reasoned that the procedural deadlines were mainly for the benefit of the victims to ensure swift recovery of restitution. *Id.* The Sixth Circuit, in *United States v. Vandeburg*, supra, held that the district court's failure in allowing the defendant an opportunity to object to the restitution amount within 90 days of sentencing was harmless error since the defendant had ample time to object afterward. *Vandeburg*, 201 F.3d 214. See also, *United States v Johnson*, 400 F.3d 187, 198-99 (4th Cir. 2005) (missing the 10 day deadline to declare losses prior to sentencing was harmless error.) Thus, it appears that many circuit courts tend to favor the issuance of restitution orders and only review them for prejudice.

It is Sobczynski's burden to demonstrate actual prejudice as a result of granting the restitution order. If Sobczynski appeals this Court's order amending the restitution amount due to passage of the procedural deadline, any one would likely be classified as a harmless one. The Supreme Court in *Dolan* authorized courts to order restitution after the expiration of a procedural deadline. The policy reasons behind § 3664, and the fact that Sobczynski was aware and admitted that he faced a higher restitution amount, lead this Court to conclude that the Sixth Circuit would likely determine that the Court committed harmless error by failing to order the amendment of restitution earlier.

## V. SUGGESTION TO THE GOVERNMENT

Going forward, the Government should amend its Rule 11 plea agreements to track the statutory requirements so that there is no confusion concerning the so-called finality of restitution by the date by sentencing. The Court would suggest using language

12

in the Rule 11 that communicates to defendants that restitution amounts can be altered under § 3664.

## VI. CONCLUSION

The Court **GRANTS** the Government's motion for restitution. Sobczynski is ordered to pay an additional $678,000.

**IT IS ORDERED.**

                          /s/ Victoria A. Roberts
                          Victoria A. Roberts
                          United States District Judge

Dated: February 20, 2013

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on February 20, 2013.

S/Linda Vertriest
Deputy Clerk

---